## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM WESLEY DUTTON, | ) | |
| 426 South Vinton Road | ) | |
| Anthony, NM   88021, | ) | |
| | ) | Civil Action No. |
| and | ) | |
| | ) | |
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC   20024, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC   20530, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT

Plaintiffs William Wesley Dutton and Judicial Watch, Inc. bring this action against the

U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. §

552 ("FOIA") and the Privacy Act, 5 U.S.C. § 552a ("Privacy Act").   As grounds therefor,

Plaintiffs allege as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff William Wesley Dutton is a citizen and resident of the State of New Mexico.

4.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.   Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.   As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.   Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

5.      Defendant U.S. Department of Justice is an agency of the United States government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.      On October 30, 2014, Plaintiffs jointly submitted identical FOIA/Privacy Act requests to the Washington, DC and El Paso, TX offices of the U.S. Department of Justice's Office of the Inspector General ("OIG").   Plaintiffs' requests sought access to the following records:

> Any and all records concerning, regarding, or relating to William Wesley Dutton.   Such records include, but are not limited to, records of background checks of William Wesley Dutton, records of communications, contacts, or correspondence between William Wesley Dutton and employees, officials, or agents of the Department of Justice Office of the Inspector General, and records of investigations concerning or regarding William Wesley Dutton.

A copy of Plaintiff Dutton's signed, fully executed Certification of Identity (Form DOJ-361) was included with the requests.

7.       That same day, October 30, 2014, Plaintiffs also jointly submitted a FOIA/Privacy Act request to the Federal Bureau of Investigation ("FBI"), a component of the U.S. Department of Justice, seeking access to the following records:

> Any and all records concerning, regarding, or relating to William Wesley Dutton.   Such records include, but are not limited to, records of background checks of William Wesley Dutton, records of communications, contacts, or correspondence between William Wesley Dutton and employees, officials, or agents of the Federal Bureau of Investigation, and records of investigations concerning or regarding William Wesley Dutton.

A copy of Plaintiff Dutton's signed, fully executed Certification of Identity (Form DOJ-361) was included with Plaintiffs' FBI request as well.

8.       When Plaintiffs received no responses or other communications regarding their requests, they wrote to the Washington, DC and El Paso, TX offices of OIG and to the FBI objecting to the offices' failure to provide timely responses.   Plaintiffs received no responses to its objections.

9.       By letter dated July 8, 2015, the Washington, DC office of OIG finally responded to Plaintiffs' request, in part, by producing approximately eight pages of responsive records. The July 8, 2015 letter also advised Plaintiffs that "OIG located documents that originated with the Federal Bureau of Investigation (FBI).   We are also referring those documents to the FBI for direct response to you."

10.       It was not until March 2016 that Plaintiffs received any further communication regarding the status of their requests.   Specifically, by letter dated March 10, 2016, the FBI claimed that it had "reopened" Plaintiffs' FBI request and was processing the request.   The March 10, 2016 letter represented that, "[o]n November 19, 2014 you were mailed a letter informing you

that the FBI could not locate any records responsive to the FOIPA."   Plaintiffs had not received

any such letter.   The letter continued:

> Upon further investigation, FBI Records Management Division (RMD) has
> determined that potentially responsive documents exist.   Your request has been
> reopened under the FOIPA number listed above and we are currently in the process
> of searching, gathering, and processing any newly discovered material so that it
> may be reviewed for responsiveness . . . Your patience is appreciated.

The letter noted that the request had been assigned "FOIPA Request No. 13099633-001."   It did

not indicate when any final determination would be issued.

11.      By letter dated March 11, 2016, the FBI also advised Plaintiffs that it had received

Plaintiffs' request to "the Office of the Inspector General" on August 18, 2015 "for handling" and

would be responding to the request.   The letter noted that the request had been assigned "FOIPA

Request No. 1334839-000" and "OIG Tracking No. 15-OIG-26."   The letter did not indicate

when any final determination would be issued, and concluded by stating, "Your patience is

appreciated."

12.      To date, Plaintiffs have not received any response to the request they sent to the

OIG's El Paso, TX office.

13.      As of the date of this Complaint, Defendant has failed to:   (i) produce the

requested records or demonstrate that the requested records are lawfully exempt from production;

(ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or

withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any

adequately specific, adverse determination.

14.      Defendant also has refused to respond to or otherwise comply with Plaintiff

Dutton's requests under the Privacy Act.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

15.     Plaintiffs reallege paragraphs 1 through 14 as if fully stated herein.

16.     Defendant is unlawfully withholding records requested by Plaintiffs pursuant to FOIA.

17.     Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 2
### (Violation of Privacy Act, 5 U.S.C. § 552a)

18.     Plaintiff Dutton realleges paragraphs 1 through 14 as if fully stated herein.

19.     Defendant is unreasonably refusing to comply with Plaintiff Dutton's requests under the Privacy Act.

20.     Plaintiff Dutton is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff Dutton will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiffs' requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' requests; (4) grant Plaintiffs an award of attorneys' fees and other

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C.

§ 552a(g)(3)(B); and (5) grant Plaintiffs such other relief as the Court deems just and proper.

Dated:   July 21, 2016                                   Respectfully submitted,

                                                         JUDICIAL WATCH, INC

                                                         /s/ Paul J. Orfanedes
                                                         Paul J. Orfanedes
                                                         D.C. Bar No. 429716

                                                         /s/ Ramona R. Cotca
                                                         Ramona R. Cotca
                                                         D.C. Bar No. 501159
                                                         425 Third Street SW, Suite 800
                                                         Washington, DC 20024
                                                         (202) 646-5172

                                                         Counsel for Plaintiffs