UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM WESLEY DUTTON            )
                                 )
        and                      )
                                 )
JUDICIAL WATCH, INC.,            )
                                 )
            Plaintiffs,          )
                                 )
        v.                       )  Civil Action No. 16-1496 ABJ
                                 )
UNITED STATES DEPARTMENT OF      )
    JUSTICE,                     )
                                 )
                                 )
            Defendant.           )
_____)

ANSWER

Defendant by and through undersigned counsel, hereby answers the Complaint as follows:

FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

SECOND DEFENSE

Plaintiff is not entitled to an award of attorney's fees in this action.

THIRD DEFENSE

Some or all of the Defendant's systems of records are exempt from the access provisions of the Privacy Act.

<u>FOURTH DEFENSE</u>

To the extent that Plaintiffs have not timely pursued necessary appeals under the Defendant's regulations, they have failed to exhaust administrative remedies.

<u>FIFTH DEFENSE</u>

The introductory unnumbered paragraph of the Complaint is a characterization of Plaintiffs' lawsuit and contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations, except to admit that Plaintiffs' lawsuit was filed relying on the FOIA and respectfully refers the Court to 5 U.S.C. § 552 for a full and accurate statement of the statute's contents.

In response to the numbered paragraphs of the Complaint, Defendant responds as follows:

<u>JURISDICTION AND VENUE</u>

1.  This paragraph contains jurisdictional allegations, not averments of fact for which an answer is required.  To the extent an answer is deemed required, Defendant admits that this Court has jurisdiction over a proper action under the FOIA, 5 U.S.C. § 552(a)(4)(B).

2.  This paragraph contains allegations regarding the venue of this action, not averments of fact for which an answer is required.  To the extent an answer is deemed required, Defendant

admits that venue is proper in this district under 5 U.S.C. §
552(a)(4)(B) for a proper FOIA action.  Defendant denies that
venue is proper under 28 U.S.C. § 1391(e), because venue for
actions under the FOIA is "otherwise provided by law" under 5
U.S.C. § 552(a)(4)(B).

<u>PARTIES</u>

3-4.  Defendant is without sufficient knowledge or
information to form a belief as to the truth of the allegations
in these paragraphs, accordingly the allegations are denied.

5.  Defendant admits the allegation in the first sentence
of this paragraph.  Defendant denies the allegations in the
second sentence of this paragraph.

<u>STATEMENT OF FACTS</u>[1]

6.  Defendant admits that the U.S. Department of Justice,
Office of the Inspector General ("OIG") received a Freedom Of
Information Act ("FOIA") request from Plaintiffs dated October
30, 2014, and that the request letter was addressed to OIG offices
in Washington, DC, and El Paso, TX.  Defendant further avers that
all FOIA requests received by the OIG are processed in Washington,
DC, by the OIG Office of General Counsel.  Defendant respectfully

---

[1] Where Defendant has included the headings from the
Complaint in this answer, it has done so merely for ease of
reference.  By including those headings, Defendant does not
admit the truth or accuracy of those headings.

refers the Court to the cited documents for a full, fair and accurate account of the contents thereof.

7.   Defendant admits the allegations in this paragraph, but respectfully refers the Court to the cited document for a full, fair and accurate account of its contents.

8.   Defendant denies the allegations of this paragraph. The OIG acknowledged receipt of plaintiffs' FOIA request by letter to plaintiff Judicial Watch dated November 4, 2014.  FBI provided a response to plaintiffs by letter dated November 19, 2014.  Defendant respectfully refers the Court to the cited documents for a full, fair and accurate account of its contents.

9.   Defendant denies the characterization by plaintiffs of the OIG's response to their FOIA request.  Defendant admits that the OIG responded to plaintiffs' request by letter dated July 8, 2015, that the OIG's response included production of 8 pages of responsive documents containing some partial redactions, and that the July 8, 2015 letter indicated that "OIG located documents that originated with the Federal Bureau of Investigation (FBI). We are also referring those documents to the FBI for a direct response to you."  Defendant respectfully refers the Court to the cited document for a full, fair and accurate account of its contents.

10.   Defendant admits the allegations in this paragraph, except for allegations regarding the November 19, 2014 letter, but respectfully refers the Court to the cited document for a full, fair and accurate account of its contents.

11.   Defendant admits the allegations in this paragraph, but respectfully refers the Court to the cited document for a full, fair and accurate account of its contents.

12.   Defendant denies the allegations in this paragraph on the ground that all FOIA requests received by the OIG are processed in Washington, DC by the OIG Office of General Counsel. OIG field offices do not process FOIA requests.  Thus, the OIG's correspondence to plaintiffs about the request encompassed its response for the all components of the OIG.

13.   This paragraph contains legal conclusions, rather than factual averments, to which a response is required.  To the extent that an answer may be deemed required, Defendant admits a response to a FOIA request is generally required within 20 working days pursuant to 5 U.S.C. § 552(a)(6)(A)(i), but otherwise denies the assertions in this paragraph.  Defendant specifically denies the allegations of this paragraph as they pertain to the OIG, which in its July 8, 2015 response: produced requested records; cited applicable exemptions to the production of records; and informed plaintiffs that they may appeal its

-5-

response to the request.  Defendant respectfully refers the Court to the cited document for a full, fair and accurate account of its contents.

14.  This paragraph contains legal conclusions, rather than factual averments, to which a response is required.  To the extent that an answer may be deemed required, Defendant admits a response to a FOIA request is generally required within 20 working days pursuant to 5 U.S.C. § 552(a)(6)(A)(i), but otherwise denies the assertions in this paragraph.  Defendant specifically denies the allegations of this paragraph as they pertain to the OIG, which in its July 8, 2015 response: produced requested records; cited applicable exemptions to the production of records; and informed plaintiffs that they may appeal its response to the request.  Defendant respectfully refers the Court to the cited document for a full, fair and accurate account of its contents.

## COUNT 1

15.  Defendant hereby incorporates the above responses to paragraphs 1 through 14.

16-17.  These paragraphs contain conclusions of law rather than factual allegations to which a response would be deemed necessary.  To the extent that a response may be deemed required, Defendant denies the allegations.  Defendant specifically

denies the allegations of this paragraph as they pertain to the OIG, which in its July 8, 2015 response: produced requested records; cited applicable exemptions to the production of records; and informed plaintiffs that they may appeal its response to the request. Defendant respectfully refers the Court to the cited document for a full, fair and accurate account of its contents.  The FBI has been searching for responsive records and has begun processing these records in anticipation of its first release of non-exempt records to plaintiffs at the end of September.

<u>COUNT 2</u>

18.  Defendant hereby incorporates the above responses to paragraphs 1 through 14.

19-20.  These paragraphs contain conclusions of law rather than factual allegations to which a response would be deemed necessary.  To the extent that a response may be deemed required, Defendant denies the allegations.  Defendant specifically denies the allegations of this paragraph as they pertain to the OIG, which in its July 8, 2015 response: produced requested records; cited applicable exemptions to the production of records; and informed plaintiffs that they may appeal its response to the request. Defendant respectfully refers the Court to the cited document for a full, fair and accurate account of

its contents.   The FBI has searched for responsive records and has begun processing these records in anticipation of its first release of non-exempt records to plaintiffs at the end of September.

The paragraph following paragraph 20 contains Plaintiffs' prayer for relief to which no response is required.   To the extent that a response may be required, Defendant denies that Plaintiffs are entitled to the relief requested or to any other relief in this action.

Defendant denies any and all allegations contained in the Complaint not expressly admitted by the Defendant herein.

Respectfully submitted,


CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney


DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division


By: _____ /s/
    W. MARK NEBEKER, DC Bar #396739
    Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 24th day of August, 2016.

_____/s/
W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536
mark.nebeker@usdoj.gov