UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM WESLEY DUTTON, et al.,　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　) Civil Action No. 16-1496 ABJ
　　　　　　　　　　　　　　　　)
U.S. DEPARTMENT OF JUSTICE,　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　)
　　　　　　　　　　　　　　　　)

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT,
AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiffs have not raised a sufficient question regarding

the material facts at issue to successfully challenge the grant

of summary judgment or dismissal of Defendant in this Freedom of

Information Act ("FOIA") case.  Plaintiffs agree that Defendant

has properly withheld the information for which it has asserted

Exemption (b)(1).  See Plaintiff's Response To Defendant's

Statement Of Material Facts Not In Dispute And Plaintiffs

Statement Of Undisputed Material Facts In Support Of Cross-

Motion For Summary Judgment ("Pl. SMF"), ¶¶ 94-122, 123

("Plaintiffs do not challenge the information withheld under

Exemption 1.").  Nor have Plaintiffs challenged other

application of exemptions, such as Exemptions (b)(6) and

(b)(7)(C) to withhold employees' names.  See Plaintiffs'

Combined Memorandum Of Points And Authorities In Opposition To

Defendant's Motion To Dismiss Or, In The Alternative, For

Summary Judgment, And In Support Of Plaintiffs' Cross-Motion For Summary Judgment ("Pl. Mem.") (ECF No. 20) at 14.

What remains, therefore, is for the Court to assess the adequacy of the Defendant's searches (Pl. Mem. at 9-12), and whether Defendant has properly segregated all non-exempt information under the Freedom of Information Act ("FOIA"). Id. at 12-16.[1] Plaintiffs' efforts to secure summary judgment in their favor fails, because they premise their motion on the assumption that there is nothing significant in the materials that have been submitted *ex parte* and *in camera* and because they have relied on multiple levels of hearsay that cannot be established through the sworn statements of those preparing Plaintiffs' supporting declarations. When the Court examines the entire record, Defendant submits, summary judgment in favor of Defendant and against Plaintiffs is appropriate.

<u>Summary Judgment For Defendant Is Appropriate</u>

"Summary judgment is warranted on the basis of

---

[1] Plaintiffs do also argue that dismissal on mootness grounds is improper. Pl. Mem. at 6-7. Defendant has never contended that the Court had no role to play in assessing the viability of the withholdings. Defendant merely argued that, as to those documents or portions of documents that have been released to Plaintiffs, there no longer remains any case or controversy because those claims are moot. See Def's Mem. (ECF No. 14) at 2-4 (citing, <u>inter</u> <u>alia</u>, <u>Bayala</u> v. <u>U.S. Dep't of Homeland Sec., Office of Gen. Counsel</u>, 827 F.3d 31, 34 (D.C. Cir. 2016)) (holding a FOIA case moot with regard to the documents that were released even where other issues remained to be decided). Plaintiff has not persuasively addressed the <u>Bayala</u> decision and its effect on the released materials.

agency affidavits when the affidavits describe the
justifications for nondisclosure with reasonably
specific detail, demonstrate that the information
withheld logically falls within the claimed exemption,
and are not controverted by either contrary evidence
in the record nor by evidence of agency bad faith."
Miller v. Casey, 730 F.2d 773, 776 (D.C. Cir. 984)
(quotation omitted). "Ultimately, an agency's
justification for invoking a FOIA exemption is
sufficient if it appears 'logical' or 'plausible.' "
Wolf, 473 F.3d at 374-75 (quoting Gardels v. CIA, 689
F.2d 1100, 1105 (D.C. Cir. 1982), and Hayden v. NSA,
608 F.2d 1381, 1388 (D.C. Cir. 1979)).

Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009);

see also Def's Mem. (ECF No. 14) at 4-8.  As reflected herein

and in the documents submitted in support of Defendant's

dispositive motion, this standard is met and summary judgment on

the remaining claims is warranted in favor of Defendant.

### The Response To Defendant's Statement Of Material Facts

Plaintiffs have agreed with many of the facts presented by

Defendant.  See Pl. SMF, ¶¶ 1, 5-6, 63-65, 67, 124-28, 132-33,

147-48, 150, 94-122.[2]  Where Plaintiffs have failed to provide

any record support for challenging the statements presented by

Defendant, they have failed adequately to present a material

issue as to those facts.  See Sloan v. Urban Title Servs., Inc.,

689 F. Supp. 2d 123, 127 (D.D.C. 2010); Local Civil Rule 7(h)(1)

---

[2] Plaintiffs imply that caselaw absolves them of the need to
address paragraphs 94-122 (addressing the application of the
exemption found at 5 U.S.C. § 552(b)(1) ("Exemption 1"), but
Plaintiffs also specifically indicate that they do not challenge
the information withheld under Exemption 1.  Pl. SMF, ¶¶ 94-123.
That caselaw will be addressed below.

("An opposition to such a [summary judgment] motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.") (emphasis added). Here, Plaintiffs have offered no record citations to challenge the facts proffered in the following paragraphs of Defendant's Statement Of Material Facts As To Which There Is No Genuine Dispute ("Def. SMF"): ¶¶ 2, 37, 43, 48, 51, 68-70, 129-31, 134-39, 145-46, 149, 152, 154-56, 158-60.

Moreover, Plaintiffs have not adequately responded by offering any countervailing facts with respect to paragraphs 3-4, 7-20, 22-29, 37-43, 44-45, 47, 49-50, 52-62, 66, 72-93, 123, 129-30, 1409-44, 151, 153, 157.  See Pl. SMF, ¶¶ 3-4, 7-20, 22-29, 37-43, 44-45, 47, 49-50, 52-62, 66, 72-93, 123, 129-30, 1409-44, 151, 153, 157.  Here Plaintiffs have merely cited to the D.C. Circuit opinion in Judicial Watch, Inc., v. FDA, 449 F.3d 141, 145-46 (D.C. Cir. 2006), implying that Plaintiffs are not required to counter the facts where there is asymmetry in what the opposing party knows.  See e.g., Pl. SMF, ¶¶ 3-4.  The Court in Judicial Watch, however, did not do away with the Plaintiff's burden to challenge the facts properly supported by Defendant agencies in FOIA cases.  Instead, the Court merely

-4-

explained that the burden was with the agencies to provide a

proper index to support its withholdings.  Judicial Watch, 449

F.3d at 146.   The Defendant has done so here.³  See Def. SMF, ¶¶

68-70; Declaration of David M. Hardy ("Hardy Decl.") (ECF No.

14-2), ¶¶ 36-113 and Exhibits; *In Camera, Ex Parte* Declaration

of David M. Hardy ("*In Camera* Hardy Decl.") (ECF No. 17);

Declaration of Deborah M. Waller ("Waller Decl.") (ECF No. 4-1),

¶¶ 11-22.

   Where Plaintiffs have failed to address an argument

proffered by the Defendant, they may be deemed to have waived

the argument.   See Kingman Park Civil Association v. Williams,

348 F.3d 1033, 1039 (D.C. Cir. 2003); see also Whelan v. Abell,

48 F.3d 1247, 1253 (D.C. Cir. 1995) (citing Kattan by Thomas v.

---

³ In Winston & Strawn, LLP v. McLean, 843 F.3d 503, 505
(D.C. Cir. 2016), the Court of Appeals concluded that a motion
for summary judgment cannot be granted as conceded for want of
an opposition, because the burden is always on the movant to
demonstrate why summary judgment is warranted.  Defendant
submits that it has properly established an entitlement to
summary judgment on the issues remaining.  "This does not mean,
however, that the Court must assess the legal sufficiency of
each and every exemption invoked by the government in a FOIA
case, regardless of whether the requester contests the
government's invocation of that exemption."  Shapiro v. United
States Dep't of Justice, No. CV 13-555 (RDM), 2017 WL 908179, at
*1 (D.D.C. Mar. 6, 2017) (concluding that where an exemption
under the FOIA is not challenged, there is simply no dispute for
the Court to resolve).

District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993)); Yee

v. City of Escondito, 503 U.S. 519, 533 (1992).  Here,

Plaintiffs offer no basis to challenge the application of

Privacy Act exclusions presented by Defendant (see Def. Mem. at

6-8), they do not challenge the withholdings generally under 5

U.S.C. § 552(b)(1), (3), (5), (6), (7)(A), (7)(C), (7)(D) or the

FBI's application of 5 U.S.C. § 552(b)(7)(E).  See Def. Mem. at

8-35; Pl. Mem. at 9-16 (arguing that the search for records was

inadequate and that Defendant did not adequately segregate all

non-exempt information).[4]

---

[4] Plaintiffs do challenge the application by the Office of
the Inspector General of the exemption found at 5 U.S.C. §
552(b)(7)(E), complaining that paragraphs 13 and 15 of the
Waller Declaration do not adequately describe the technique at
issue.  Pl. Mem. at 13-14.  Plaintiffs fail, however, to note
that the Waller Declaration offers greater specificity in
paragraph 20, wherein the declarant provides these additional
details:

> The information contained in this document
> memorializes steps taken by the OIG in conducting an
> investigation in connection with alleged misconduct by
> non-supervisory Department of Justice employees which
> has now been concluded and in which the alleged
> misconduct was not ultimately substantiated.   In
> particular, the document discusses specific use of an
> investigative step involving a request to another
> entity for confidential information relevant to the
> investigation.  The use of this investigative step is
> not publicly known, and disclosure of the withheld
> information concerning the details of this
> investigative step could hinder law enforcement
> investigations.

Waller Decl., ¶ 20.  To provide additional details would
disclose too much on the public record.  But, as with all
of the withheld materials, the Court is encouraged to

-6-

The Adequacies of the Searches

Plaintiffs complain that more efforts should have been expended on searching Defendant's files.   Pl. Mem. at 9-12. Defendants have explained why it is that the searches have been adequately conducted.   Def. SMF, ¶¶ 1-67; Hardy Decl., ¶¶ 1-3-5, 13-16, 21-35; *In Camera* Hardy Decl. (ECF No. 17), ¶¶ 4-15; Second Declaration of David M. Hardy ("Second Hardy Decl."), ¶¶ 4-6; Second *In Camera*, *Ex Parte* Declaration of David M. Hardy ("Second *In Camera* Hardy Decl."), ¶¶ 5-12; Waller Decl., ¶¶ 2-5, 7-10; Second Declaration of Deborah M. Waller ("Second Waller Decl."); ¶¶ 1-5.   As to certain arguments pressed by Plaintiffs, Defendant cannot fully address them on the public record, but instead relies on the declarations and documentation submitted both on the public record and *in camera*, *ex parte* submissions. Id.   In each instance, Plaintiffs' arguments regarding the searches fail.   See Hardy Decl., ¶¶ 21-35; *In Camera* Hardy Decl., ¶¶ 9-15; Waller Decl., ¶¶ 3-10; Second Hardy Decl., ¶¶ 4-6; Second *In Camera* Hardy Decl., ¶¶ 4-11; Second Waller Decl., ¶¶ 3-5.

Plaintiffs seek to learn whether Defendant's supplemental search (that they indicate yielded 726 pages) came from a database of confidential informants.   Pl. Mem. at 10.   Defendant

---

review the materials in camera if it believes such a review
is necessary.

-7-

need not reveal such details, however.  See generally, Roth v.

U.S. Dep't of Justice, 642 F.3d 1161, 1178 (D.C. Cir. 2011);

Miller v. Casey, 730 F.2d 773, 775-78 (D.C. Cir. 1984); Gardels

v. CIA, 689 F.2d 1100, 1103 (D.C. Cir. 1982); Strang v. U.S.

Arms Control and Disarmament Agency, 920 F.2d 30, 31 (D.C. Cir.

1990) (noting that the government may properly proffer certain

information for *in camera* review, but discouraging the district

court from holding an *ex parte* hearing and then granting summary

judgment without disclosing to the plaintiff all of the

defendant's evidence that could be disclosed). See Second *In

Camera*, Hardy Decl., ¶¶ 4-5, 7-12; Hardy Decl., ¶¶ 31-35; ("*In

Camera* Hardy Decl.", ¶¶ 4, 9-13.

Where Plaintiffs have attempted to proffer some factual

information to challenge the statements made in support of

Defendant's motion for summary judgment, they have failed.  They

rely, for instance, on dated information from a former FBI

employee who, like most of those at the FBI before 2015,

believed that searches of the ELSUR indices had to be

accomplished by separate searches.  See Declaration of Michael

J. Sharkey (ECF No. 20-2), ¶¶ 2-5.  Mr. Sharkey relies on his 24

years of experience before he left the FBI in 2015.  Id., ¶¶ 2-

5.  It was, however, in 2015 that the FBI ceased the duplication

of effort that had been occasioned by those separate searches,

because the Records/Information Dissemination Section ("RIDS")

-8-

discovered that when FBI personnel were asked to search

separately for ELSUR records, they did so by simply searching

the Central Record System ("CRS") via the Universal Index

("UNI") application of the Automated Case Support ("ACS")

System.   Second Hardy Decl., ¶¶ 1, 3-5; Hardy Decl. (ECF No. 14-

2), ¶¶ 25-26.   In short, what appears to have been years of

practice within the FBI (to search separately for ELSUR records)

was found to be duplicative.   Second Hardy Decl., ¶¶ 1, 3-5.

Plaintiffs suggest that OIG may maintain its records using

code names (pseudonyms), and that, if so, the OIG should have

searched for responsive materials by codename.   Pl. Mem. at 12.

OIG does not maintain its database(s) using code names.   Second

Waller Decl., ¶¶ 3-4.

Thus, the Defendant has established that it conducted

proper searches for the materials sought in Plaintiffs'

requests.

### Segregability

The Court must also assess whether Defendant has adequately

supported its assertion that further information need not be

disclosed to Plaintiff from the documents currently at issue.

Plaintiffs suggest that more can be segregated from the

documents and released without harm (see Pl. Mem. at 12-16), but

Defendant has presented logical and plausible reasons to

conclude otherwise.   As set forth in James Madison Project v.

CIA, the applicable standard is as follows:

> To demonstrate that the withholding agency has
> disclosed all reasonably segregable material, the
> agency must supply "a detailed justification for [its]
> decision that non-exempt material is not segregable."
> [Mead Data Cent., Inc. v. Dep't of Air Force, 566 F.2d
> 242, 261 (D.C. Cir. 1977)].   The agency, however, is
> not required to provide so much detail that the exempt
> material effectively would be disclosed. Id.
> Furthermore, conclusory language in agency
> declarations that do not provide a specific basis for
> segregability findings by a district court may be
> found inadequate. Animal Legal Def. Fund, Inc. v.
> Dep't of Air Force, 44 F. Supp. 2d 295, 301 (D.D.C.
> 1999) (Kollar-Kotelly, J.).

607 F. Supp. 2d 109, 130 (D.D.C. 2009).   The Agency has met this

standard.   Hardy Decl., ¶¶ 39, 47, 114-115; *In Camera* Hardy

Decl., 16-19, 21; Second Hardy Decl., ¶¶ 4-12; Second *In Camera*

Hardy Decl., ¶¶ 4-6; Waller Decl., ¶¶ 16-22; Second Waller

Decl., ¶¶ 3-5.

*In Camera* Review

Plaintiffs suggest that *in camera* review would be in order in this action.  Pl. Mem. at 16.  In camera review is generally disfavored, PHE, Inc. v. Dep't of Justice, 983 F.2d 248, 253 (D.C. Cir. 1993); Weissman v. CIA, 552 F.2d 692, 697 (D.C. Cir. 1977).  The in camera, ex parte declarations provided by the Defendant were detailed, specific, and not suggestive of bad faith.  Defendant does not believe that in camera review would be particularly compelled in this instance, but is certainly willing to provide the documents at issue to the Court for such an in camera review should the Court deem it helpful.

CONCLUSION

Therefore, for the reasons set forth herein, in the declarations submitted by Defendant in support of summary judgment, in the memorandum in support of Defendant's Memorandum Of Points And Authorities In Support Of Motion To Dismiss Or, In The Alternative, For Summary Judgment, and in the Defendant's Response To Plaintiffs' Statement Of Material Facts, the above civil action should be dismissed, or summary judgment entered in favor of the Defendant.  For these same reasons, Plaintiffs' Cross-Motion for Summary Judgment should be denied.

> Respectfully submitted,
>
>
> CHANNING D. PHILLIPS, DC Bar #415793 /HG-O
> United States Attorney
>
>
> DANIEL F. VAN HORN, DC Bar #924092 /HG-O
> Chief, Civil Division
>
> By: _W. MARK NEBEKER_ /s/
> W. MARK NEBEKER, DC Bar #396739
> Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM WESLEY DUTTON, et al.,  )
                                )
          Plaintiffs,           )
                                )
     v.                         )  Civil Action No. 16-1496 ABJ
                                )
U.S. DEPARTMENT OF JUSTICE,     )
                                )
          Defendant.            )
                                )

DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Defendant responds as follows to Plaintiffs' Statement Of Undisputed Material Facts In Support Of Cross-Motion For Summary Judgment (ECF No. 20).[1]

1.   This description of Plaintiff Judicial Watch is not material to the resolution of this Freedom of Information Act ("FOIA") action, because it is not disputed that Judicial Watch satisfies the definition required of a FOIA requester.  5 U.S.C. § 552(a)(3)(A) (calling for agencies upon proper request to make records available to "any person").

2.   Defendant admits that the FOIA requests that are the subject of this lawsuit as outlined in the declarations previously submitted by Defendant were submitted.  Defendant also admits that the New Mexico lawsuit was filed.  Defendant

---

[1] Plaintiffs' proffered material facts are located at the end of Plaintiffs' response to Defendant's Statement of Material Facts.

further admits the existence of the press release cited by

Plaintiff, but denies any suggestion that the unsworn text of

the press release is competent evidence of the statements made

therein. See Fed. R. Evid. 802 (noting that hearsay is

generally not admissible); Fed. R. Evid. 805 (requiring an

exception to the hearsay rule for each part of combined

statements containing hearsay within hearsay).

3-5.  The assertions in these paragraphs purport to recount

allegations in the New Mexico lawsuit.  Defendant submits that a

review of those pleadings would refute the suggestion that these

paragraphs provide a fair and complete summary of the many,

sometimes conflicting, allegations in the action.  See Docket in

Dutton v. Cordero, et al., Case Number 2:16-00517-CG-GJF

(D.N.M).  In any event, the allegations in that action are not

material to the resolution of the claims in this FOIA action.

Insofar as the declaration proffered in support of these

paragraphs could be read to suggest that the declarant has

personal knowledge of the events that took place when Mr. Dutton

met with the defendants in the New Mexico case, see Declaration

of Christopher J. Farrell, ¶¶ 1, 4-5, the inference is belied by

the pleadings in the New Mexico case, which make no mention of

Mr. Farrell's presence.  His declaration cannot, therefore,

constitute competent evidence of the actions that took place at

the meeting.  See Fed. R. Evid. 802; Fed. R. Evid. 805.

-2-

Defendant does admit the last sentence in Paragraph 5 (i.e., that copies of the Answers to Plaintiff's First Amended Complaint are available on the U.S. District Court for the District of New Mexico's electronic docket.)

6.   Admitted, except to note that the attached page referenced by Plaintiffs should be Dutton 54 not Dutton 55.

7.   Admitted.

8.   Denied insofar as Plaintiff suggests that FBI records referenced in distinct indices or files must be separately searched in order to conduct a proper and adequate search.  See Second Declaration of David M. Hardy ("Second Hardy Decl."), ¶¶ 4-6; Second In Camera, Ex Parte Declaration of David M. Hardy ("Second In Camera Hardy Decl."), ¶¶ 4-5, 7-12; see also Declaration of David M. Hardy ("Hardy Decl."), ¶¶ 21-35. Defendant also notes that the attached page referenced by Plaintiffs should be Dutton 54 not Dutton 55.

9.-11.   These paragraphs are denied.  See Second Ex Parte Hardy Decl., ¶¶ 10-11.

12.   Defendant admits the first sentence and second sentence in this paragraph, but denies the third sentence as explained in the Second Hardy Decl., ¶¶ 5-6.

13.   Defendant admits the first sentence of this paragraph, but specifically denies the assertions in this paragraph insofar as they could be read to suggest that this paragraph recounts

-3-

the full extent of the searches performed by Defendant.   See

Second Hardy Decl., ¶¶ 4-6; Second *In Camera* Hardy Decl., ¶¶ 4-

5, 7-12; see also Hardy Decl., ¶¶ 21-35.

14.   Admitted.

15.   Defendant admits the assertions in this paragraph, but

specifically denies any implication that the searches conducted

by the Office of the Inspector General were inadequate.   See

Second Waller Decl., ¶¶ 3-5.


                         Respectfully submitted,


                         CHANNING D. PHILLIPS, DC Bar #415793 /MFO
                         United States Attorney


                         DANIEL F. VAN HORN, DC Bar #924092 /MFO
                         Chief, Civil Division

                   By:   W. Mark Nebeker                      /s/
                         W. MARK NEBEKER, DC Bar #396739
                         Assistant United States Attorney


                                    -4-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To
Plaintiffs' Opposition To Defendant's Motion To Dismiss Or, In
The Alternative, For Summary Judgment, And Opposition To
Plaintiff's Cross-Motion For Summary Judgment; Defendant's
Response To Plaintiffs' Statement Of Material Facts; Second
Declaration of David M. Hardy and Second Declaration of Deborah
Waller and a proposed order has been made through the Court's
electronic transmission facilities on the 16th day of August,
2017.

                                                        /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536
mark.nebeker@usdoj.gov