IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM WESLEY DUTTON, *et al.*,  ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Civil Action No. 16-cv-01496 (ABJ) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, through counsel, hereby submit this reply in support of their cross-motion for summary judgment.

At multiple times in its opposition, Defendant relies on its submissions to the Court, *ex parte*, *in camera*, to argue that it met its legal obligations under the Freedom of Information Act ("FOIA") to conduct a reasonable search. *See* Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, and Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Def. Opp") (ECF No. 25) at pp. 2, 5, 7, 8. Defendant argues that Plaintiffs' cross-motion fails "because [Plaintiffs] premise their motion on the assumption that there is nothing significant in the materials that have been submitted *ex parte* and *in camera*." *Id*. at 2. However, Plaintiffs cannot respond to that which they do not know or cannot see. *In camera* review is permitted at times in FOIA cases so that the Court may determine whether the agency properly invoked FOIA exemptions. "To be sure, *in camera*, *ex parte* filings are at times necessary to permit the Court to perform its role of ensuring that the agency has appropriately invoked a FOIA exemption without requiring the agency publicly to

disclose the very records or information it seeks to protect." *Shapiro v. United States Dep't of Justice*, 239 F. Supp. 3d 100, 111 (D.D.C. 2017). However, in this case, the *ex parte* and *in camera* submissions discuss facts necessary to determine the reasonableness of Defendant's search, which Plaintiffs believe can and should be disclosed. *See Strang v. U.S. Arms Control & Disarmament Agency*, 920 F.2d 30, 31 (1990) (holding that in cases where some evidence is permissible *in camera* and *ex parte*, it is nonetheless incumbent that all evidence that can be disclosed must indeed be disclosed to the other side). Plaintiffs do not ignore this fact, but rather they cannot fully respond to information Defendant seeks to hide.

Defendant also claims Plaintiff did not provide evidence to rebut facts Defendant presented to survive a summary judgment motion. This is simply not true. Defendant does not dispute the existence of the consent form Plaintiff Dutton signed in February 2014. However, Defendant has not confirmed to Plaintiffs that it has located the record in Defendant's search and/or the basis for its withholding if Defendant claims that its disclosure is prevented by an appropriate exemption under FOIA. Defendant only mentions the consent form by reference in the second declaration submitted by David M. Hardy *in camera* and *ex parte*, but redacts any substantive information surrounding the consent form. *See* Second *in Camera*, *Ex Parte* Declaration of David M. Hardy ("Second Hardy Decl.") (ECF No. 26-1) at ¶ 6. The consent form Plaintiff Dutton signed in February 2014 demonstrates that Defendant's search is either inadequate or its explanation for the basis to withheld the form is insufficient under FOIA.

Defendant also attacks Plaintiffs' motion for summary judgment alleging that "Plaintiffs relied on multiple levels of hearsay that cannot be established through the sworn statements of those preparing Plaintiffs' supporting declarations." Def. Opp., p. 2. Defendant fails, however, to identify the sworn statements it alleges to contain impermissible hearsay. *Id*. Both declarants

who submitted affidavits on behalf of Plaintiffs, Christopher J. Farrell and Michael J. Sharkey, attested that they have personal knowledge of the information they submitted.  *See generally* Christopher J. Farrell Decl. ("Farrell Decl.") (ECF No. 19-1) and Michael J. Sharkey Decl. ("Sharkey Decl.") (ECF NO. 19-2).  Mr. Farrell is the director of investigations of Judicial Watch and has personal knowledge of the allegations and admissions made by Mr. Dutton and the Federal Bureau of Investigation ("FBI") agents in the New Mexico lawsuit about the encounter in February 2014 and the consent form.  *See* Farrell Decl. at ¶¶ 1-6.  The systems of records Mr. Farrell identified in his declaration are also depicted in Defendant's own records.  *Id*. at ¶¶ 1-2, 7-8.

Likewise, Mr. Sharkey's statements were made based on his personal knowledge and experience in working as a special agent for the FBI for over 24 years.  *See* Sharkey Decl. at ¶¶ 1-2.  Although Defendant claims that the search methods changed after Mr. Sharkey retired from the Department in 2015 or that they may have been duplicative, the allegation is not corroborated by the second declaration submitted by Mr. Hardy on behalf of Defendant, nor is that discussed in Mr. Hardy's initial declaration.  *See* Def. Opp. at pp. 8-9, Declaration of David M. Hardy ("Hardy First Decl.") (ECF No. 14-2) at ¶¶ 25-26, Hardy Second Decl. at ¶¶ 1, 3-5.  Defendant states in its opposition that "in 2015 [] the FBI ceased the duplication of effort that had been occasioned by those separate searches, because the Records/Information Dissemination Section ("RIDS") discovered that when FBI personnel were asked to search separately for ELSUR records, they did so by simply searching the Central Record System ("CRS") via the Universal Index ("UNI") application of the Automated Case Support ("ACS") System.  *See* Def. Opp. at pp. 8-9.  In support of this assertion, Defendant cites to Mr. Hardy's two declarations submitted in this case: paragraphs 1 and 3 through 5 of the second declaration (ECF No. 26-1) and

paragraphs 25 and 26 of the first declaration (ECF No. 14-2). *Id*. The cited paragraphs of Mr. Hardy's second declaration merely discuss his career at the FBI, his familiarity with Plaintiffs' request for records in this case and the FBI's procedures in responding to the request and the purpose in providing supplemental details pertaining to FBI's efforts to segregate all non-exempt information and its search for responsive records in this case. *See* Hardy Second Decl. at ¶¶ 1, 3-5 (ECF NO. 26-1). Paragraphs 25 and 26 of Mr. Hardy's first declaration discuss the history of the ACS system and UNI. *See* Hardy First Decl. at ¶¶ 25-26 (ECF No. 14-2). Nowhere in either of Mr. Hardy's declarations does he attest that a search of ELSUR is a duplication of "searching the [] CRS via the [] UNI application of [] ACS." *Id*., *see* Def. Opp. at p. 9. If this were the case, this fact would be simple enough to state, which Mr. Hardy does not do in either of his declarations. Defendant's allegation of duplication is simply not supported by the evidence it submitted in this case.

Defendant also argues that Plaintiffs have not sufficiently responded to Defendant's statements of material facts. *See* Def. Opp. at p. 4. This is also simply untrue. Defendant ignores the statement of material facts submitted by Plaintiffs in support of their cross-motion for summary judgment. *See* Plaintiffs' Statement of Undisputed Material Facts in Support of Cross-Motion for Summary Judgment ("Pl. SMF") (ECF No. 20), pp. 9-13. Further, Plaintiffs appropriately objected to the legal conclusions Defendant inappropriately inserted in its statement of facts. *See e.g*. Pl. Response to Def.'s Statement of Material Facts Not In Dispute ("Pl. Response to Def. SMF") (ECF 20), ¶¶ 48, 51, 68-70, 131, 134-139, 145-156, 158. While Defendant is correct that due to the "asymmetrical distribution of knowledge" between the agency and requestor the burden is placed with the agency to provide a proper index to support its withholdings, Plaintiffs specifically contest that Defendant met that standard in this case. *See*

Pl. Cross-Motion for Summary Judgment ("Pl. Cross-MSJ") (ECF No. 20), pp. 12-16. Defendant cites to *Bayala v. U.S. Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31 (D.C. Cir. 2015) in its brief, but fail to address how its *Vaughn* index in this case is any more sufficient than the agency's response in *Bayala*, where the "Department broadly asserted that all of the withheld documents 'contain[ed] no reasonably segregable portion(s) of non-exempt information." *See* Pl. Cross-SJM at pp. 12-16; *see* Farrell Decl. at ¶¶ 6, 9 (Ex. 3). As Plaintiffs argued in their opening brief, Defendant's index list of the exemptions with corresponding pages fails to explain how it is justified to withhold the document in full and segregate information that is not protected by FOIA. *See* P. Cross-SJM at pp. 14-5.

> For example, the information contained in the records produced in part, Bates stamped Dutton 41-44, is by and large mostly all redacted under Exemptions b(6) and b(7)(C) (categories concerning names of individuals and identifying date of individuals)). Farrell Decl. at ¶ 7 (Ex. 2) (Dutton 41-44); Hardy Decl. at ¶¶ 42, 67-69, 71. FOIA Exemptions b(6) and b(7)(C) all pertain to privacy interests and the protection of names and identifying data of individuals. 5 U.S.C. 552 (b)(6), (b)(7)(C). The four-page document, Bates stamped 41-44, is on its face a letter that contains much more than just names or identifying information of persons. Clearly, the FBI did not undertake a reasonable effort to segregate all information that may be disclosed.

Lastly, Defendant states that it would be willing to provide the documents at issue to the Court for an *in camera* review. Def. Opp. at p. 11. In light of the multitude of information Defendant has submitted *in camera ex parte*, the Court should at a minimum order an *in camera* review of the withheld records to determine their segregability. *See Allen v. CIA*, 636 F.2d 1287, 1298 (D.C. Cir. 1980) ("Where the agency fails to meet that burden, a not uncommon event, the court may employ a host of procedures that will provide it with sufficient information to make its *de novo* determination, including *in camera* inspection.").

For all of the reasons set forth above and in Plaintiff's opening brief, the Court should deny Defendant's motion to dismiss or, in the alternative, motion for summary judgment and grant Plaintiffs' cross-motion for summary judgment.

Dated: September 14, 2017                               Respectfully submitted,

                                                        JUDICIAL WATCH, INC.

                                                        /s/ *Ramona R. Cotca*
                                                        Ramona R. Cotca (D.C. Bar No. 501159)
                                                        Judicial Watch, Inc.
                                                        425 Third Street, SW
                                                        Suite 800
                                                        Washington, D.C.  20024
                                                        (202) 646-5172
                                                        rcotca@judicialwatch.org

                                                        *Counsel for Plaintiff*